UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEN BURTON, JR., MANATEE COUNTY
TAX COLLECTOR,

    Plaintiff,

v.                                    CASE NO. 8:18-cv-1207-T-02TGW

AIRBNB, INC. and
AIRBNB PAYMENTS, INC.,

    Defendants.
_____/

# **O R D E R**

**BEFORE THE COURT** is Plaintiff's Motion to Remand (Dkt. 16) and Defendants' Response in Opposition (Dkt. 19). After careful consideration of the submissions of the parties, the applicable law, and the entire file, the Court grants remand.

## **BACKGROUND**

This case was timely removed on the basis of diversity of citizenship from state court on May 18, 2018, by the Defendants Airbnb, Inc. ("Airbnb") and Airbnb Payments, Inc. ("Payments"). (Dkt. 1). Defendants are Delaware corporations doing business in Manatee County, Florida. (Dkt. 2, ¶¶ 10 and 11). Airbnb is the parent company of Payments, its wholly-owned subsidiary. (Dkt. 1,

¶¶ 2 and 3). A declaration of the tax manager of Airbnb is attached to the notice of removal and avers that the amount in controversy exceeds $75,000. (Dkt. 1-2).

The complaint seeks declaratory and injunctive relief. It asks the Court to declare the existence of a power or privilege of the Plaintiff tax collector. It alleges that each Defendant is a "dealer" of transient accommodations that is required to collect and remit a Tourist Development Tax (TDT) to Manatee County in accord with sections 125.0104 and 212.03 of the Florida Statutes and Chapter 2-29, Article II, of the Manatee County Code.[1] (Dkt. 2, ¶¶ 3 and 5). Plaintiff seeks a declaration that both Defendants are dealers as defined in section 212.06 of the Florida Statutes and, as such, the two percent TDT imposed by Manatee County's ordinance must be levied on the consideration charged or collected by the Defendants through the website for the rentals of transient accommodations.

The relief sought is an order declaring, among other things, that the Defendants have a legal duty to collect a TDT from the occupants and to remit these taxes to Manatee County. The complaint also seeks to enjoin the Defendants

---

[1] Section 125.0104 is known as the Local Option Tourist Development Act. If a county adopts an ordinance for the local collection and administration of TDT, the county may use the powers to assess the tax as set forth in section 212.03. Chapter 2-29, Article II of the Manatee County Code of Ordinances codifies Ordinance No. 11-050, as amended on September 25, 2012 by Ordinance No. 12-35.

from continuing their present conduct and requests an order requiring Defendants to submit to an audit of the pertinent books and records.

Plaintiffs contest diversity jurisdiction based on the application of the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, the doctrine of abstention, and the amount in controversy.

## **DISCUSSION**

Although there is a pending motion to dismiss, this Court must rule first on the motion to remand to determine whether it lacks jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.") (citations omitted)); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1275 n.22 (11th Cir. 2000). The court's diversity jurisdiction is determined at the time of the filing of the complaint or, if removed, at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

Turning first to the amount in controversy, the Court is guided by well-established legal principles. First, in matters of removal and remand, "ambiguities are generally construed against removal." *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1177 (11th Cir. 2006); *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278,

1282 (11th Cir. 2006). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*, *see also Gulf-to-Bay Anesthesiology Assocs., LLC v. UnitedHealthcare of Fla., Inc.*, 2018 WL 3640405, at *1 n.1 (M.D. Fla. July 20, 2018) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff.").

Plaintiff contends that absent a specific plea for damages in the complaint, the amount in controversy cannot be satisfied. This is not entirely correct. In a declaratory or injunctive relief action, the amount is determined by "the value of the object of the litigation measured from the plaintiff's perspective" and "the monetary value of the benefit that would flow to the plaintiff if the [relief sought] were granted." *South Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014) (citation omitted). The test is whether the amount is "sufficiently measurable and certain." *Id.*, 745 F.3d at 1316.

As evidence that the amount in controversy exceeds $75,000, exclusive of interests and costs, Defendants attached to the notice of removal a declaration from the tax manager for Airbnb. (Dkt. 1-2). The tax manager avers that the amount charged for accommodation providers in Manatee County booked online by guests for six months or less from April 2015 through March 2018 exceeds

$3,750,050. (Dkt. 1-2, ¶ 6). The declaration claims the amount of the TDT allegedly owed exceeds $75,000 based on the two percent tax rate for the TDT ($3,750,050 x .02 = $75,001). (Dkt. 1-2, ¶ 6).

Plaintiff argues that Defendants have not established by a preponderance of the evidence that $3.75 million represents the sum for bookings of six months or less during the relevant three-year period. Plaintiff questions the method used, whatever that may be, to determine the amount charged to guests who booked in Manatee County through Airbnb's website. It is possible, claims Plaintiff, that the method does not account for possible rejections of initial bookings.

This argument, however, seems irrelevant in view of the Plaintiff's guarantees and the allegations of the complaint. Plaintiff unequivocally states that the complaint does not seek back taxes, "rather the complaint only seeks entitlement to reimbursement for Defendants' future rentals." (Dkt. 16, ¶¶ 55-57). To the extent the complaint alludes to amounts due, there is no clear reference to back taxes or reference to any collection period before the filing of this suit. The amount in controversy proffered by Defendants, to barely reach the $75,000, necessarily contemplated the prior three years. Without that three-year term, which is not alleged in the complaint, the amount in controversy is clearly deficient to satisfy federal jurisdiction.

According to the Eleventh Circuit, all doubts – not just some – be resolved in favor of remand. *Henderson*, *supra*, 454 F.3d at 1282. The gravamen of the underlying complaint seeks no damages and placing a dollar number on the judicial declaration sought (at time of removal) is entirely speculative. Construing any ambiguity in favor of remand, the Court finds that the amount in controversy has not been established by the removing entities.

Having concluded that the underlying complaint seeks no money damages and the numerical amount in controversy at removal is too uncertain to satisfy subject matter jurisdiction, the Court need go no further. This dispute about local taxes between a local tax collector and local house/condo rental agents is remanded to the Twelfth Judicial Circuit, in and for Manatee County, Florida. Plaintiff's Motion to Remand (Dkt. 16) is granted. The Clerk is directed to remand and, after remand is effected, to close the case.

**DONE AND ORDERED** at Tampa, Florida, on October 30, 2018.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record